UNITED STATES of America, Plaintiff,

v.

CERTAIN REAL PROPERTY LOCATED ON HANSON BROOK, TOWN HOUSE ROAD, WATERBORO, COUNTY of YORK, STATE of MAINE,

and

Certain Real Property Consisting of 4.36 Acres, Located on the Town House Road, Waterboro, County of York, State of Maine,

and

Certain Real Property Located at Lake Arrowhead Estates, Old Portland Road, Waterboro, County of York, State of Maine,

and

Certain Real Property Located on the Beaverberry Road, Limington, County of York, State of Maine, Defendants.

Civ. No. 91–0110–P–C.

United States District Court, D. Maine.

March 4, 1992.

Jonathan R. Chapman, Asst. U.S. Atty., Portland, Me., for plaintiff.

Bruce E. Kenna, Kenna, Johnston, Craighead & Sharkey, Manchester, N.H., Terrance D. Garmey, Smith & Elliott, Portland, Me., for claimant.

ORDER GRANTING CLAIMANTS'
REQUEST FOR RULE 56(f)
DISCOVERY

GENE CARTER, Chief Judge.

In this civil forfeiture action brought under 18 U.S.C. § 981 and 21 U.S.C. § 881(a)(6), Plaintiff filed on January 6, 1992, its Motion for Leave to File Motion for Summary Judgment beyond the expiration of the date set for filing motions. The Court granted the motion on January 24, 1992, over the objection of Claimants, thus activating the motion for summary judgment which had been submitted on January 15, 1992. On January 27, 1992 Judge Hornby empaneled a jury for this case.

On February 10, 1992, the last day for responding to the summary judgment motion, Claimants filed a motion under Federal Rule of Civil Procedure 56(f). The motion seeks to extend the time for response to Plaintiff's summary judgment motion until after further discovery providing a basis for responding to the motion is conducted. Claimants' counsel filed the affi-

davit required by Rule 56(f) setting forth the reasons they could not present a factual opposition to the summary judgment motion without further discovery. The affidavit also recites the evidence which they expect to find to generate an issue of fact precluding summary judgment.

The Court finds the request for Rule 56 discovery to be of marginal merit. On October 23, 1991, the Court granted a protective order pertaining to the interrogatory answers signed by Claimant Patrick Cunan and the transcripts of depositions of Patrick Cunan. That order provides that such evidence may not be used against Cunan in criminal proceedings brought against him in this District or in the District of Massachusetts except for purposes of impeachment or refreshing his recollection or in connection with perjury charges against him. While the protective order does not deal with affidavits by Cunan, the thrust of it makes clear that the Court would have provided similar protection for statements made by Cunan in an affidavit.[1] Moreover, Claimants aver that the Assistant United States Attorney in charge of this case "has refused to allow us to depose any of the affiants or hearsay declarants relied upon in the Government's Motion for Summary Judgment." The government represents in its memorandum opposing the Rule 56(f) motion, however, that "Claimant could have conducted the discovery which he now proposes many months ago."

From the Court's initial review of the pending summary judgment motion, it appears that summary judgment would be in order on the as yet undisputed facts presented by Plaintiff. In the interest of fairness, despite the concerns expressed above, the Court will permit the reopening of discovery for thirty days *only* to permit Claimants to seek evidence with which to oppose the summary judgment motion by demonstrating the existence of genuine issues of material fact. The government will

be ordered to produce the affiants for deposition within ten days of the date of this order and to respond without delay to Claimants' discovery requests. Claimant has averred that necessary discovery can be conducted in thirty days, and the Court has relied on that representation. As the parties know, the jury has already been empaneled for this case. No further extensions of the discovery period will be granted.

Accordingly, it is *ORDERED* that Claimants' motion under Rule 56(f) to extend the time for response to Plaintiff's summary judgment be, and it is hereby, *GRANTED*. Claimants will have thirty days only from the date of this order in which to obtain the necessary discovery. Plaintiff is hereby *ORDERED* to produce the affiants supporting its summary judgment order for deposition within ten days of the date of this order and to comply with Claimants' other discovery requests expeditiously. Claimants are hereby *ORDERED* to file their response to the pending summary judgment motion by April 13, 1992. Plaintiff shall file any reply to the response by April 21, 1992.

SO ORDERED.

---

1. Claimant Cunan refused to testify at his deposition and Plaintiff maintains that any affidavit filed by him should be stricken on that account. That is a separate issue, however, and would not have prevented Claimant from seeking protection and filing an opposing affidavit. Many of the issues which Claimant seeks to generate would appear to be within his personal knowledge.